IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. 4:07-70108-TLW |
| | ) | Criminal No. 4:04-725-TLW |
| vs. | ) | ORDER |
| REGINALD DEVON GRAHAM, | ) | |
| Movant. | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Reginald Devon Graham. ("Petitioner" or "Defendant"). On July 28, 2004, Defendant was charged in a one count Indictment (Doc. # 1). On November 4, 2004, Defendant was found guilty by a jury of the charge of unlawfully possessing a firearm after having been convicted of a felony. (Doc. # 25). Sentencing was held before this Court on May 9, 2005. On May 24, 2005, judgment was entered. (Doc. # 35). Petitioner was sentenced to a term of two hundred four (204) months. Petitioner filed notice of appeal on May 27, 2005. (Doc. # 37). The Fourth Circuit Court of Appeals affirmed Petitioner's sentence on July 18, 2006, (Doc. # 49), and the mandate was issued on August 11, 2006 (Doc. # 48).

Petitioner filed the present action on October 9, 2007. (Doc. # 50). The United States of America ("Government") filed its response in opposition to Petitioner's motion for relief under 28 U.S.C. § 2255 and filed a motion for summary judgment on May 11, 2009. (Docs. # 60 and # 61). Petitioner filed a reply to government's response on May 18, 2009. (doc. # 62). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed June 23, 2009 that he had thirty-four days to file any additional material in opposition to the

Government's motion for summary judgment. (Doc. # 63). Petitioner filed a response in opposition on July 27, 2009. (Doc. # 64). This matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §

2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government has filed a response and motion for summary judgment as to all grounds raised by Petitioner. (Docs. # 60 and # 61). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. Fed R. Civ. P. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient

showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner has filed this action asserting several claims. These claims are based primarily on an assertion of ineffective assistance of counsel. His claims, set forth verbatim, are as follows:

> Ground one: Counsel provided constitutionally ineffective assistance by failing to properly investigate and raise at sentencing the fact that movant did not have the required three (3) predicate, qualifying convictions in order to be sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e).
>
> Ground two: The above ground one can be raised despite a procedural default, based upon a claim of 'actual innocence' of the sentence imposed.
>
> Ground three: Counsel provided constitutionally ineffective assistance by failing to advise the movant to plead guilty rather than go to trial.
>
> Ground four: Counsel provided constitutionally ineffective assistance by failing to raise the Ground One, Supra, claim on district appeal.
>
> Ground five: An evidentiary hearing should be granted.
>
> (Pet. at p. 4-5).

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). The Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption

4

that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689.

For purposes of analysis, this Court will consider Ground Two as a sub-issue relevant to the determination of Ground One. Additionally, this Court notes that Ground Five is a request for a hearing. Therefore, the analysis of the substantive issues raised in Petitioner's § 2255 will be discussed under the headings, Ground One, Ground Three, and Ground Four.

**Ground One**

Petitioner first asserts that, at the time of the commission of the offense for which he was ultimately found guilty and sentenced in this Court, he did not have the requisite three prior convictions to qualify for sentencing as an Armed Career Criminal. (Memo at 8). Petitioner then states,

> The Movant does not contest the validity of his prior convictions as set forth in the Presentence Report, nor whether counsel was aware of same. However, the Movant does claim that counsel performed deficiently by failure to apply the applicable law to those prior convictions vis-à-vis § 924(e) under which the Movant was sentenced.
>
> Id. at 9.

Petitioner asserts that counsel was ineffective for not raising "relevant Circuit precedent," namely, precedent found in the cases U.S. v. Pressley, 359 F.3d 347 (4th Cir. 2004), Almendorez-Torres v. United States, 523 U.S. 224 (1998), and Apprendi v. New Jersey, 530 U.S. 466, (2000). (Memo at 10). He asserts that it is ineffective for counsel to fail to make a good faith effort to discover the facts relevant to a client's sentencing, to analyze those facts in light of applicable legal principles, and to discuss the analysis with his client. Petitioner argues that counsel's failure in this regard caused Petitioner prejudice because it resulted in Petitioner receiving a longer sentence.

5

Petitioner accurately recites the precedent established by U.S. v. Pressley. In Pressley, the Fourth Circuit stated, "We now join our sister circuits in holding that § 924(e) applies only to defendants with three predicate convictions in place prior to violating § 922(g)." Pressley, 359 F.3d 347, 351. However, Petitioner inaccurately claims that he did not have the requisite three criminal convictions prior to the commission of his charge for felon in possession. The record establishes that Petitioner committed the § 922(g) violation on March 25, 2003. The Presentence Investigation Report notes that the three convictions used to classify Petitioner as an armed career criminal are found in paragraphs 31, 32, and 34 of the PSR. (Revised Addendum to the PSR at 3). These are 1.) Burglary 3rd, convicted on January 21, 1997, 2.) Burglary 3rd, convicted on January 21, 1997, and 3.) Breaking and Entering, convicted on December 13, 2002. As the petitioner was convicted of all three of these offenses prior to his commission of the § 922(g) violation on March 25, 2003, Petitioner was appropriately sentenced as an armed career offender.[1] Therefore, the performance by Petitioner's attorney was not objectively unreasonable, nor has Petitioner suffered any prejudice.

Next, an argument by Petitioner that counsel was ineffective for not objecting to his classification as an armed career offender under Almendarez-Torres v. United States and Apprendi v. New Jersey fails because Petitioner's attorney did in fact make such an objection. (Revised Addendum to the PSR at 3-4). This Court rejected counsel's argument that his client should not be considered an armed career offender because Almendarez-Torres was wrongly

---

[1] The Government in its Response lists two additional offenses as qualifying prior convictions. These are Petitioner's Attempted Breaking and Entering conviction entered on April 5, 2004 and Petitioner's Breaking and Entering conviction entered on the same date. (Govt's Resp. at 1-2). However, these convictions cannot serve as prior convictions because Petitioner was convicted of these crimes after he committed the March 25, 2003 § 922(g) violation. Nevertheless, three qualifying prior convictions exist, as noted supra.

decided, and <u>Apprendi</u> requires that the predicate offenses be in the indictment and presented to the jury. (Trial Tr. At 2-6). This Court stated,

> THE COURT: YOUR POSITION IS NOTED. I'M NOT AWARE OF ANY CASES THAT REQUIRE THE QUESTION OF PRIOR CONVICTIONS BE SUBMITTED TO A JURY OR GRAND JURY, AND NO CASES THAT REQUIRE THOSE BODIES DECIDE THE VALIDITY OF A PRIOR CONVICTION. SEEMS TO ME THOSE ARE GENERALLY LEGAL QUESTIONS FOR COURTS TO DECIDE. THEY MAY BE DIFFICULT FOR JURIES TO SORT THROUGH PAPERWORK AND DECIDE WHETHER OR NOT A CONVICTION IS VALID OR NOT. I THINK THE CASES HAVE HELD, EVEN THOSE DEALING WITH CHALLENGING PRIOR CONVICTIONS, THAT THOSE ARE LEFT PRIMARILY FOR COURTS TO DECIDE. I CERTAINLY DON'T HAVE ANY WAY TO SEE INTO THE FUTURE, I'M NOT CLAIRVOYANT TO SEE WHAT COURTS MAY DO OR WHAT BURDENS MAY BE PLACED ON JURIES AND WHAT DECISIONS JURIES WOULD HAVE TO MAKE.
>
> BASED ON THE STATE OF THE LAW AT THIS TIME, AS I READ IT, AND I'VE REVIEWED THE CASES AND REVIEWED THE PRESENTENCE REPORT, YOUR MOTION TO BE DENIED.

<u>Id.</u> at 5-6.

Also, Petitioner appears to state that counsel was ineffective for withdrawing certain objections it had made to the presentence report. However, this argument is without merit. The record states that counsel sought a continuance "to more closely examine the convictions set forth in Paragraphs 31 and 32 [of the PSR] in light of <u>Shepard v. United States</u>, 544 U.S. 13 (2005)." (Revised Addendum to the PSR at 3). However, counsel noted that after review, no meritorious issues were present. He explained that the state court indictments for the crimes noted in paragraphs 31 and 32 make clear that "the 'buildings' broken into there were the type of structures envisioned in <u>Taylor v. United States</u>, 495 U.S. 575 (1990) (buildings or enclosed spaces, not automobiles or boats)." In light of the explanation provided by counsel as to why he did not pursue an objection to the predicate convictions found in paragraphs 31 and 32 of the

PSR, this Court concludes that counsel's representation was not objectively unreasonable and that Petitioner suffered no prejudice from counsel's failure to maintain an objection on this issue.

Finally, Petitioner's claim for relief based on actual innocence is without merit. Petitioner asserts, "In the present case, the Movant claims to be 'actually innocent' of the § 924(e) Armed Career Criminal sentence enhancement." (Memo at 12). This Court assumes that Petitioner is attempting to argue that because Petitioner is either actually innocent of one of the three underlying predicate offenses or because he is actually innocent of the § 924(g) conviction, he cannot be sentenced as an armed career offender. First, Petitioner was found guilty of the charge of being a felon in possession of a firearm by a jury. At trial, the Government presented more than sufficient evidence to allow the jury to reach its verdict. Second, Petitioner presents no evidence that he is actually innocent of any of the predicate offenses. In fact, Petitioner specifically states, "The Movant does not contest the validity of his prior convictions as set forth in the Presentence Report, nor whether counsel was aware of the same." Therefore, this Court finds no basis by which relief can be granted under a claim of actual innocence.

**Ground Three**

Petitioner asserts that counsel was ineffective by failing to advise him to plead guilty. He asserts that he "had confessed to the crime pre-trial thus eliminating any possible defense (if one even existed!)." (Memo at 13). Petitioner argues that he suffered prejudice due to his inability to receive a three-level reduction for Acceptance of Responsibility. He continues, "Having already confessed to the crime, there was simply no competent reason for counsel not to advise Graham to plead guilty and obtain the three (3) level Guideline reduction for Acceptance of Responsibility." <u>Id.</u> Furthermore, Petitioner argues that counsel incorrectly informed him that he would be considered an armed career criminal, and he would face a mandatory minimum fifteen-

year sentence. Petitioner argues that his belief that he faced a mandatory minimum of fifteen years was a "major influence in the Movant's decision to go to trial." Id. at 14. Finally, Petitioner notes that "pleading guilty would clearly have resulted in a lesser sentence, even without a formal plea agreement." Id.

This Court notes, "The decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case . . . [and] counsel may and must give the client the benefit of counsel's professional advice on this crucial decision." United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998). However, under Strickland, Petitioner has the burden of persuading this Court by a preponderance of the evidence that his version of his negotiations with trial counsel is more likely true. See Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993).

After a careful review of the record, this Court concludes that Petitioner has not shown by a preponderance of the evidence that trial counsel was ineffective for failing to advise his client to not go to trial and to accept a plea. First, Petitioner has not produced any direct evidence to support his contention beyond his own self-serving statements found in his memorandum. See Rosario-Dominguez v. United States, 353 F. Supp. 2d 500, 520 (S.D.N.Y. 2005) (dismissing a 28 U.S.C. § 2255 petition where the defendant "submitted only conclusory and/or self-serving affidavits on the issue of whether [trial counsel] communicated plea offers to him"); see also Ashley v. United States, 17 Fed. Appx. 306, 309 (6th Cir. 2001) (affirming dismissal of a 28 U.S.C. § 2255 petition where there was "little, if any, direct evidence to support testimony on behalf of either party," therefore defendant failed to satisfy his evidentiary burden) (internal quotations omitted); Haley v. United States, 3 Fed. Appx. 426, 429 (6th Cir. 2001) (affirming dismissal of a 28 U.S.C. § 2255 petition where defendant's contention "that he would have

9

accepted the plea offer [was] . . . self-serving and equivocal). It should be noted that, in this case, Petitioner's statements come in the form of his memorandum and not a sworn affidavit.

It is also relevant that a substantial part of Petitioner's explanation for why he went to trial is based upon counsel's advice that he faced a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act. Contrary to Petitioner's assertion, this was an accurate assessment of the sentence faced by Petitioner. As previously explained, Petitioner had the requisite predicate offenses to be considered an Armed Career Criminal. Therefore, Petitioner's argument that his decision to go to trial was influenced by incorrect advice given by counsel is without merit.

Based on a consideration of the totality of facts and evidence available, this Court concludes that Petitioner has not satisfied his evidentiary burden as to his allegation that trial counsel failed to properly advise him to accept a plea, that he was not an Armed Career Criminal, and that his statements to police that he purchased the gun in question incontrovertibly precluded his success at trial. Petitioner fails to offer any factual basis to support his conclusory claim beyond the statements found in his memorandum. See Underwood v. Clark, 939 F.2d 473, 476 (7th Cir. 1991) (holding that petitioner's "bare, unsubstantiated, thoroughly self-serving . . . statement that his lawyer . . . forbade him to take the stand" did not necessitate an evidentiary hearing.) This Court cannot therefore conclude that Petitioner's legal counsel was deficient in his performance.

Additionally, even if counsel had not advised his client of the significance of the statements he made to police about the gun, it cannot be shown that Petitioner suffered any resulting prejudice therefrom. The great disparity between the sentence received by Petitioner and the sentence Petitioner now contends he should have received results from Petitioner's

incorrect belief that he was not an Armed Career Criminal. This Court finds no evidence in the record of any plea agreement even offered to Petitioner. Additionally, there is no evidence presented that Petitioner would have received acceptance of responsibility. Therefore, this is not a case where, and petitioner does not contend that, counsel failed to inform his client of a plea offer or that counsel failed to adequately explain a plea agreement. However, assuming arguendo that Petitioner was presented with a plea agreement and Petitioner would have received acceptance of responsibility, there is no evidence, other than Petitioner's statements in his Memorandum, that Petitioner would have accepted the plea agreement. Petitioner explicitly states in his Memorandum that his belief that he was facing a mandatory fifteen-year sentence under the Armed Career Criminal enhancement was a major influence in his decision to go to trial. In light of the significant sentence faced by Petitioner as an armed career criminal and Petitioner's statements that the length of the sentence he faced significantly influenced his decision to go to trial, this Court cannot conclude that Petitioner would have accepted a plea agreement with the hope of receiving a slightly lesser sentence through acceptance of responsibility, but for counsel's failure to explain the gravity of the statements Petitioner made to the police. Therefore, even if this Court assumes that counsel did not advise his client of the detrimental effects of Petitioners statements to police, this Court concludes that Petitioner has not established that he has suffered any prejudice. See e.g., Haley v. United States, 3 Fed. Appx. 426 (6th Cir. 2001) ("[Petitioner's] testimony is insufficient to show a reasonable probability that he would have accepted the [plea] offer, and [Petitioner] cites to no evidence prior to his conviction that remotely indicates any desire on his part to plead guilty [to the offenses charged].") see also, Puglisi v. United States, 586 F.3d 209, 216-217 (2nd Cir. 2009) ("We have found that a petitioner's statement is sufficiently credible to warrant a hearing where it is accompanied by

some 'objective evidence,' such as a significant sentencing disparity, that he or she would have accepted the proposed plea offer if properly advised." However, the court noted, "Appellant in the present matter has not produced or identified evidence sufficient to show, or permit an inference of, a significant disparity between the terms of a plea offer and his ultimate sentence exposure after a trial conviction.")

**Ground Four**

Petitioner asserts that counsel was ineffective for failing to raise the claims stated under Petitioner's Ground One on appeal. However, as explained, Petitioner did indeed meet the requirements to be sentenced as an Armed Career Criminal. Because this Court does not accept Petitioner's contention that he was improperly sentenced as an Armed Career Criminal, it necessarily follows that Petitioner's allegation that his lawyers provided ineffective assistance by not raising this issue on appeal must fail. It is widely held that an attorney cannot be charged with ineffective assistance of counsel for failing to raise a meritless claim. See Dennis v. Poppel, 222 F.3d 1245, 1261 (3d Cir. 2000); United States v. Kirsch, 54 F.3d 1062, 1071 (2d Cir. 1995); Bolendar v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. # 50), is **DENIED**, the Government's motion for summary judgment is **GRANTED**, (Doc. # 61), and this action is **DISMISSED**, with prejudice. Additionally, Petitioner's Motion to Strike, (Doc. # 54), and Motion for Invocation of Rule 8(d), (Doc. # 57), are **DENIED**. Petitioner's Motion Requesting Ruling on § 2255 Motion is **MOOT**. (Doc. # 58). Petitioner request for a hearing is **DENIED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings and 28 U.S.C. § 2253. Applying the provisions set forth at 28 U.S.C. § 2253 (c), this Court concludes that it is appropriate to issue a certificate of appealability as to all issues raised herein.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____
TERRY L. WOOTEN
United States District Judge

April 8, 2010
Florence, South Carolina